IVY KAGAN BIERMAN (SBN 117750)
ibierman@loeb.com
RAMON RAMIREZ (SBN 280772)
rramirez@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendants
CF ENTERTAINMENT, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BERNADETTE PAULEY, an individual, THOMAS CLARK, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual; SCREEN ACTORS GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a California corporation; and DOES 2 through 100, inclusive,<br><br>Defendants. | Case No.: 2:13-CV-8011-R (CWx)<br><br>Assigned to Hon. Manuel L. Real<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER:**<br><br>**(1) COMPELLING ARBITRATION OF PLAINTIFFS' INDIVIDUAL CLAIMS;**<br><br>**(2) DISMISSING CLASS CLAIMS; AND**<br><br>**(3) DISMISSING PLAINTIFFS' INDIVIDUAL CLAIMS OR, IN THE ALTERNATIVE, STAYING PROCEEDINGS AS TO PLAINTIFFS' INDIVIDUAL CLAIMS**<br><br>Date: December 16, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 2nd Floor |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 16, 2013 at 10:00 a.m or as soon thereafter as the matter may be heard, in Courtroom 8, 2nd Floor of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, defendants CF Entertainment, Comics Unleashed Productions, Inc., Entertainment Studios, Inc. and Byron Allen Folks (collectively, "Defendants") will and hereby do move the Court for an Order: (1) compelling arbitration of all of plaintiffs Bernadette Pauley's and Thomas Clark's (collectively, "Plaintiffs") individual claims in the above-captioned action; (2) dismissing all of the class claims; and (3) dismissing Plaintiffs' individual claims in their entirety or, in the alternative, staying these proceedings as to Plaintiffs' individual claims pending the completion of arbitration (the "Motion").

The Motion is made on the ground that Plaintiffs are required to submit all of their individual claims to final and binding arbitration pursuant to the terms of the collective bargaining agreement negotiated and entered into by Plaintiffs' union and collective bargaining representative, the American Federation of Television and Radio Artists ("AFTRA"). Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* The Motion is further made on the ground that all of Plaintiffs' class claims cannot be maintained because Defendants cannot be compelled to arbitrate class claims, as such claims are not expressly provided for in the collective bargaining agreement. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S. Ct. 1758, 1776 (2010); *Kinecta Alt. Fin. Solutions, Inc. v. Super. Ct.*, 205 Cal. App. 4th 506, 519 (2012).

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Barry Ilovitch and exhibits thereto, the pleadings, papers and records on file in this action, and such

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

2

MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

1  further evidence, argument, and authority as may be presented at the time of hearing
2  on the Motion.
3       This Motion is made following Defendants' counsel's unsuccessful attempt to
4  confer with Plaintiffs' counsel pursuant to L.R. 7-3.  On November 4, 2013,
5  Defendants' counsel left a voice message for and sent an email to Plaintiffs'
6  counsel, requesting to meet and confer on the substance of this Motion.  Defendants'
7  counsel has not received a response from Plaintiffs' counsel.

9  Dated:  November 6, 2013          LOEB & LOEB LLP
                                     IVY KAGAN BIERMAN
10                                   RAMON RAMIREZ

12                              By: /s/ Ramon Ramirez
                                    Ivy Kagan Bierman
13                                  Ramon Ramirez
                                    Attorneys for Defendants
14                                  CF ENTERTAINMENT, et al.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

3

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1
I.    INTRODUCTION .........................................................................................1
II.   PROCEDURAL HISTORY ..........................................................................2
III.  STATEMENT OF MATERIAL FACTS .....................................................2
IV.   ARGUMENT .................................................................................................5
      A.   The Federal Arbitration Act Mandates and Favors Arbitration, Particularly in the Context of Collective Bargaining. .........................5
      B.   Any Questions of Arbitrability Must Be Decided by an Arbitrator. ...............................................................................................6
      C.   As AFTRA Members Subject to the Express Terms of the AFTRA Network Television Code, Plaintiffs Are Required to Submit Their Individual Claims to Binding Arbitration. ....................7
      D.   The Class Claims Should be Dismissed Because the Parties Did Not Agree to Arbitrate Class Claims. ..........................................10
      E.   Plaintiffs' Individual Claims Should be Dismissed or, in the Alternative, Stayed Pending Completion of Arbitration. ....................10
V.    CONCLUSION ............................................................................................11

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

i

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS


# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Mobility LLC v. Concepcion*,
  131 S. Ct. 1740 (2011) ............................................................................. 5

*AT&T Tech., Inc. v. Communications Workers of Am.*,
  475 U.S. 643 (1986) ........................................................................... 5, 6, 7

*Britton v. Co-op Banking Group*,
  4 F.3d 742 (9th Cir.1993) ......................................................................... 7

*Buckhorn v. St. Jude Heritage Med. Group*,
  121 Cal. App. 4th 1401 (2004) ................................................................ 9

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) ................................................................. 7

*Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*,
  252 F.3d 707 (4th Cir. 2001) ................................................................. 11

*Comedy Club, Inc. v. Improv West Assoc.*,
  553 F.3d 1277 (9th Cir. 2009) .............................................................. 5, 9

*Dryer v. Los Angeles Rams*,
  40 Cal. 3d 406 (1985) ........................................................................... 6, 8

*EFund Capital Partners v. Pless*,
  150 Cal. App. 4th 1311 (2007) ................................................................ 8

*Ellison Framing, Inc. v. Zurich Am. Ins. Co.*,
  805 F. Supp. 2d 1006 (E.D. Cal. 2011) ................................................... 9

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995) .................................................................................. 6

*Johnston v. Beazer Homes Tex., L.P.*,
  2007 U.S. Dist. LEXIS 20519 (N.D. Cal. Mar. 2, 2007) ...................... 11

*Kinecta Alt. Fin. Solutions, Inc. v. Super. Ct.*,
  205 Cal. App. 4th 506 (2012) ................................................................ 10

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

ii

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

# TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*Merrick v. Writers Guild of America, West, Inc.*,
   130 Cal. App. 3d 212 (1982)..................................................................6, 8, 9

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
   460 U.S. 1 (1983).............................................................................................5, 9

*Perry v. Thomas*,
   482 U.S. 483 (1987)...........................................................................................6

*Republic Steel Corp. v. Maddox*,
   379 U.S. 650 (1965).......................................................................................6, 8

*Sparling v. Hoffman Constr. Co.*,
   864 F.2d 635 (9th Cir. 1988)...........................................................................10

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662, 130 S. Ct. 1758 (2010)...........................................................10

*Stupy v. United States Postal Service*,
   951 F.2d 1079 (9th Cir. 1991).......................................................................6, 8

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004).........................................................................10

*United Broth. of Carpenters and Joiners of Am., Local No. 1780 v.
   Desert Palace, Inc.*,
   94 F.3d 1308 (9th Cir. 1996).............................................................................6

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*,
   363 U.S. 574 (1960).........................................................................................5

*Vianna v. Doctors' Management Co.*,
   27 Cal. 4th 1186 (1994).....................................................................................9

**Statutes**

9 U.S.C. § 1 *et seq.* ......................................................................................1

9 U.S.C. § 2 ......................................................................................................5

9 U.S.C. § 3 ....................................................................................................11

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

iii

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CF Entertainment, Comics Unleashed Productions, Inc., Entertainment Studios, Inc. and Byron Allen Folks (collectively, "Defendants") hereby submit the following memorandum of points and authorities in support of their Motion for Order: (1) Compelling Arbitration of Plaintiffs' Individual Claims; (2) Dismissing Class Claims; and (3) Dismissing Plaintiffs' Individual Claims or, in the Alternative, Staying Proceedings as to Plaintiffs' Individual Claims (the "Motion").

## I.   INTRODUCTION

As union members subject to a collective bargaining agreement, plaintiffs Bernadette Pauley ("Pauley") and Thomas Clark ("Clark") (collectively, "Plaintiffs") are required to submit all of their individual claims to final and binding arbitration. Plaintiffs' union and collective bargaining representative, the American Federation of Television and Radio Artists ("AFTRA"), negotiated and entered into a collective bargaining agreement that requires its members to arbitrate any and all disputes they may have against a producer, arising out of a production covered by the collective bargaining agreement. Plaintiffs were engaged by defendant Comics Unleashed Productions, Inc. to perform on its television program Comedy.TV, which is covered by the collective bargaining agreement. Notwithstanding Plaintiffs' obligation to arbitrate pursuant to the collective bargaining agreement, Plaintiffs filed the instant action alleging both individual and class claims.

There can be no dispute that Plaintiffs' individual claims are within the scope of the collective bargaining agreement, and the law and facts establish that arbitration is the required forum for resolving Plaintiffs' individual claims. Indeed, contractual arbitration is a highly favored means of dispute resolution, and the arbitration provision contained in the collective bargaining agreement is valid and enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* For these reasons, and as set forth below, the instant dispute should be ordered to

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

1

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

arbitration, and these proceedings should be dismissed or, in the alternative, stayed pending the completion of that arbitration.

## II.   PROCEDURAL HISTORY

This action was filed in Los Angeles Superior Court on December 21, 2012. On February 6, 2013, Plaintiffs filed their First Amended Complaint. On September 10, 2013, Defendants filed a Motion to Compel Arbitration and Dismiss, or Stay, Plaintiffs' Claims. On October 1, 2013, Plaintiffs filed their currently operative Second Amended Complaint ("SAC"), adding as a defendant the Screen Actors Guild – American Federation of Television and Radio Artists ("SAG-AFTRA"). On October 30, 2013, SAG-AFTRA filed a Notice of Removal. At the time of removal of this action, Defendants' Motion to Compel Arbitration was still pending and had not yet been heard by the Superior Court.

## III.   STATEMENT OF MATERIAL FACTS

Defendant Comics Unleashed Productions, Inc. is an entertainment production company that produces original programming, including the nationally-syndicated television program Comedy.TV. (Ilovitch Decl., ¶4.) Comics Unleashed Productions, Inc. and AFTRA, on behalf of its union members, entered into a Basic Cable Agreement, effective as of May 1, 2009, to cover the production of Comedy.TV. (*Id.*, ¶5, Ex. A.) Pursuant to the Basic Cable Agreement, Comics Unleashed Productions, Inc. was further bound by the 2007-2010 AFTRA National Code of Fair Practice for Network Television Broadcasting (the "AFTRA Network Television Code"), the collective bargaining agreement negotiated and entered into by AFTRA on behalf of its members. (*Id.*, ¶6, Ex. B.)

Plaintiffs are actors and comedians who are members of AFTRA,[1] the union and collective bargaining representative for performers in television and radio. On

---

[1] *See* Second Amended Complaint ("SAC"), ¶¶4-5. Further, any performers on Comedy.TV were required to be or become AFTRA members, if they were not already. (Ilovitch Decl., ¶6, Ex. B at ¶67(3).)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

2

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

May 18, 2009, and August 26, 2009, respectively, Clark and Pauley entered into a Standard AFTRA Engagement Contract with Comics Unleashed Productions, Inc. to perform on Comedy.TV.  (Ilovitch Decl., ¶¶7-8, Exs. C and D.)

Under section 8 of the Basic Cable Agreement, entitled "**ARBITRATION**,"

> It is expressly understood and agreed that any dispute between Producer and AFTRA or *between Producer and any and all performers under this Agreement*, shall be submitted to arbitration in accordance with the provision set forth in Paragraph 95 of the AFTRA Network Television Code.  (Emphasis added).  (*Id.*, ¶5, Ex. A.)

In turn, Paragraph 95 of the AFTRA Network Television Code, entitled "**GRIEVANCE AND ARBITRATION**," provides:

> All disputes and controversies *of every kind and nature whatsoever between . . . any Producer and any member of AFTRA, arising out of or in connection with this Code*, and any contract or engagement . . . in the field covered by this Code . . . shall be submitted for resolution in accordance with the following grievance and arbitration procedures.  (Emphasis added).  (*Id.*, ¶6, Ex. B.)

Paragraph 95.C. further sets forth the procedures for conducting arbitration, specifically providing that "[s]uch arbitration shall be conducted under the Voluntary Labor Arbitration Rules then obtaining of the American Arbitration Association except as otherwise provided."  *(Id.)*  Additionally, Paragraph 95.C(3) provides:

> **The parties agree that the provisions of this Paragraph shall be a complete defense to any suit, action or proceeding instituted in any Federal, State or local court . . . with respect to any controversy or dispute which arises during the period of this Agreement and which is therefore arbitrable as set forth above.**
> (Emphasis added).  (*Id.*)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

3

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

In spite of this unequivocal language requiring Plaintiffs to arbitrate their individual claims, Plaintiffs have filed the instant action on behalf of themselves and individuals they contend are similarly situated, asserting purported causes of action against Defendants for (1) Breach of Contract; (2) Failure to Indemnify Employees for Necessary Expenditures; (3) Failure to Provide Accurate Itemized Wage Statements; (4) Failure to Pay All Wages Due; (5) Unfair Business Practices; (6) Fraud and Intentional Deceit; (7) Fraud by Concealment; (8) Negligent Misrepresentation and (9) Representative Action for Civil Penalties.[2] As alleged in the SAC, each of these "causes of action" is predicated on Plaintiffs' engagement as actors and comedians "on the syndicated television show Comedy.TV . . . pursuant to a standardized union engagement contract" they entered into with Comics Unleashed Productions, Inc. (*See* SAC, ¶1.) As such, Plaintiffs' individual claims fall directly within the scope of the arbitration provisions of the Basic Cable Agreement and the AFTRA Network Television Code.

Indeed, specific to Plaintiffs' claims asserted herein, the AFTRA Network Television Code contains express provisions addressing any breach of contract (Ilovitch Decl., Ex. B at ¶95); residual payments (*Id.*, Ex. B at ¶73); a producer's obligation to reimburse performers for expenses related to wardrobe (*Id.*, Ex. B at ¶25.A and C), accommodations (*Id.*, Ex. B at ¶43.A(3)) and travel (*Id.*, Ex. B at ¶43.C); a producer's obligation to provide performers with earnings statements (*Id.*, Ex. B at ¶61.D); and a producer's obligation to make timely payment to performers (*Id.*, Ex. B at ¶61.A-C).

Additionally, Plaintiffs cannot maintain class claims against Defendants because neither the Basic Cable Agreement nor the AFTRA Network Television Code expressly provides for arbitration of class claims. (*See generally id.*, ¶5, Ex. A at ¶8 and ¶6, Ex. B at ¶95.)

---

[2] These correspond to Plaintiffs' first through eighth and tenth causes of action in the SAC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

4

MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

## IV.  ARGUMENT

### A.  The Federal Arbitration Act Mandates and Favors Arbitration, Particularly in the Context of Collective Bargaining.

The FAA provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).  Consequently, the FAA creates a body of federal substantive law governing arbitrability, "applicable to any arbitration agreement within the coverage of the Act." *Id.*

This strong federal policy favoring arbitration for dispute resolution "requires a liberal reading of arbitration agreements." *Id.* at 22 n.27.  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24-25.  Accordingly, an order to arbitrate should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *Comedy Club, Inc. v. Improv West Assoc.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (quoting *AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)).  *See also United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585 (1960) ("[O]nly the most forceful evidence of a purpose to exclude the claim from arbitration can prevail" under a broadly worded arbitration clause.).  Thus, arbitration agreements "must be 'rigorously enforced,'" *Perry v. Thomas*, 482 U.S. 483, 489-90 (1987), "according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

5

MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

Arbitration is particularly favored in the context of collective bargaining. *AT&T Tech*, 475 U.S. at 650 ("This presumption of arbitrability of labor disputes recognizes the greater institutional competence of arbitrators in interpreting collective-bargaining agreements."); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965) ("As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress."); *Stupy v. United States Postal Service*, 951 F.2d 1079, 1082 (9th Cir. 1991) ("[I]t is axiomatic that an aggrieved employee must exhaust any exclusive grievance and arbitration procedure created in a collective bargaining agreement prior to bringing a . . . suit against the employer."); *Dryer v. Los Angeles Rams*, 40 Cal. 3d 406, 412 (1985) ("Courts can best serve [national policy favoring arbitration of labor disputes] by giving full effect to the means chosen by the parties for settlement of their differences under a collective bargaining agreement."). "The judicial role in considering a motion to compel arbitration is thus quite limited. . . . [A] court's function is essentially ended once it has found the collective bargaining agreement susceptible of an interpretation which would cover the dispute." *Dryer*, 40 Cal. 3d at 413.

### B.     Any Questions of Arbitrability Must Be Decided by an Arbitrator.

Questions of arbitrability must be decided by an arbitrator when the parties "clearly and unmistakably" agree to submit such questions to arbitration. *AT&T Tech.*, 475 U.S. at 649; *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Further, arbitrability is decided by applying state law principles. *First Options of Chicago*, 514 U.S. at 944. "If the agreement provides for an arbitrator to decide arbitrability, the court may not decide that issue." *Merrick v. Writers Guild of America, West, Inc.*, 130 Cal. App. 3d 212, 218 (1982). *See also United Broth. of Carpenters and Joiners of Am., Local No. 1780 v. Desert Palace, Inc.*, 94 F.3d 1308, 1310 (9th Cir. 1996) (when parties have agreed to vest an arbitrator with

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

6

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

authority to decide arbitrability, "the courts will be divested of their authority and an arbitrator will decide in the first instance whether a dispute is arbitrable."). Here, the language in the AFTRA Network Television Code could not be more plain: AFTRA and Comics Unleashed Productions, Inc. "clearly and unmistakably" agreed that all disputes and controversies as to the "**construction, meaning [and] interpretation**" of the Code are to be submitted to arbitration. (Ilovitch Decl., ¶6, Ex. B at ¶95) (emphasis added).

Moreover, the presumption of arbitrability "is particularly applicable where the clause is . . . broad." *AT&T Tech., Inc.*, 475 U.S. at 650. The phrase "arising out of or relating to" creates an arbitration clause that is "broad and far reaching" in scope. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000); *see also Britton v. Co-op Banking Group*, 4 F.3d 742, 745 (9th Cir.1993) (holding that such language is "routinely used in many securities and labor agreements to secure the broadest possible arbitration coverage."). Here, the arbitration clause takes the broadest possible form, applying to "[a]ll disputes and controversies . . . **arising out of or in connection with** this Code." (Ilovitch Decl., ¶6, Ex. B at ¶95) (emphasis added). Thus, any threshold questions of arbitrability are for an arbitrator to resolve.

### C. As AFTRA Members Subject to the Express Terms of the AFTRA Network Television Code, Plaintiffs Are Required to Submit Their Individual Claims to Binding Arbitration.

Here, Plaintiffs' individual claims are predicated on their engagement on Comedy.TV. Therefore, Plaintiffs' individual claims fall squarely within the arbitration provisions of the AFTRA Network Television Code and the Basic Cable Agreement governing their engagement on Comedy.TV. As union members covered by a collective bargaining agreement, Plaintiffs are required to arbitrate their disputes with Defendants. Accordingly, Plaintiffs' individual claims in this

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

7

MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

action should be compelled to binding arbitration under the express terms of the AFTRA Network Television Code.

First, a valid and enforceable arbitration provision is contained in the AFTRA Network Television Code—the collective bargaining agreement that AFTRA negotiated and entered into with Comics Unleashed Productions, Inc. on behalf of its members, including Plaintiffs. Thus, as AFTRA members, Plaintiffs are bound by the terms of the AFTRA Network Television Code, including its arbitration provisions under Paragraph 95. *Republic Steel*, 379 U.S. at 652; *Stupy*, 951 F.2d at 1082; *Dryer*, 40 Cal. 3d at 412.

Second, Plaintiffs' purported causes of action are clearly arbitrable. The AFTRA Network Television Code contains a broad arbitration provision requiring AFTRA members to arbitrate "***[a]ll disputes and controversies*** of every kind and nature whatsoever . . . ***arising out of or in connection with*** this Code, and any contract or engagement . . . in the field covered by this Code." Further, the AFTRA Network Television Code expressly covers breach of contract, residual payments, reimbursement of expenses, earnings statements and timely payment—the very bases for Plaintiffs' individual claims as set forth in their SAC. As alleged in the SAC, Plaintiffs' individual claims are predicated on conduct or activity arising out of a contract—the Standard AFTRA Engagement Contract— and the rendition of services in the field covered by the AFTRA Network Television Code.

Indeed, the arbitration provision is broad enough to include Plaintiffs' fraud claims. *EFund Capital Partners v. Pless*, 150 Cal. App. 4th 1311, 1322 (2007). ("The language '[a]ny dispute or other disagreement' extends beyond contract claims to encompass tort causes of action."). All that must be shown is that the alleged tort claims "ha[ve] roots in the relationship between the parties which was created by . . . their agreement." *Vianna v. Doctors' Management Co.*, 27 Cal. 4th 1186, 1189 (1994) (quoting *Merrick*, 130 Cal. App. 3d at 219). Here, Plaintiffs predicate their fraud claims on actions allegedly taken by Defendants to reduce the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

8

MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

amount of residuals owed to Plaintiffs. Because Plaintiffs' entitlement to residuals is a result of the AFTRA Network Television Code, their fraud claims clearly have their roots in the relationship between Plaintiffs and Defendants created by that collective bargaining agreement. *Vianna*, 27 Cal. 4th at 1190 (compelling plaintiff to arbitrate tort claims "rooted in the employment relationship created by their contract"); *Buckhorn v. St. Jude Heritage Med. Group*, 121 Cal. App. 4th 1401, 1406-07 (2004) ("Because Buckhorn failed to demonstrate that his tort claims were 'wholly independent' of the employment agreement, and any doubts must be resolved in favor of arbitration [citation], we conclude all of Buckhorn's claims must be submitted to arbitration."). *See also Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) (finding that fraud claim fell within scope of arbitration). Accordingly, it cannot be said with any "positive assurance" that the arbitration clause in the AFTRA Network Television Code is not susceptible to an interpretation that covers Plaintiffs' individual claims. *Comedy Club, Inc.*, 553 F.3d at 1284.

Third, even assuming there is a question as to whether Plaintiffs' individual claims are arbitrable—which there is not—that is a question for an arbitrator to decide. *Merrick*, 130 Cal. App. 3d at 218. As with the collective bargaining agreement at issue in *Merrick*, the AFTRA Network Television Code is explicit that all disputes as to "construction, meaning, interpretation [and] operation" shall be submitted to arbitration. *Id.* at 217. Ultimately, any doubt must be resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24-25. Thus, any question of arbitrability must also be submitted to arbitration.

For all of the foregoing reasons, Plaintiffs' individual claims are subject, and should be ordered, to binding arbitration.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

9

MOTION FOR ORDER COMPELLING ARBITRATION,
DISMISSING CLASS CLAIMS, AND DISMISSING OR
STAYING INDIVIDUAL CLAIMS

### D. The Class Claims Should be Dismissed Because the Parties Did Not Agree to Arbitrate Class Claims.

Class arbitration is not permitted when an arbitration agreement does not authorize class arbitration. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S. Ct. 1758, 1775 (2010) ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so."). *See also Kinecta Alt. Fin. Solutions, Inc. v. Super. Ct.*, 205 Cal. App. 4th 506, 519 (2012) (dismissing class claims because "the parties did not agree to authorize class arbitration in their arbitration agreement"). In *Stolt-Nielsen*, the United States Supreme Court vacated an arbitration award allowing class arbitration, finding that "[t]he panel's conclusion is fundamentally at war with the foundational FAA principle that arbitration is a matter of consent." *Id.* The Court held that when an arbitration agreement is silent as to class arbitration, "[a]n implicit agreement to authorize class-action arbitration . . . is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate . . . because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Id.*

Both the Basic Cable Agreement and the AFTRA Network Television Code are silent as to class arbitration. Therefore, neither expressly permits class arbitration. As a result, Defendants cannot be compelled to arbitrate class claims, so Plaintiffs' class claims must be dismissed.

### E. Plaintiffs' Individual Claims Should be Dismissed or, in the Alternative, Stayed Pending Completion of Arbitration.

Dismissal of claims subject to arbitration is proper. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that claims subject to arbitration were properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6)); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638, 641 (9th Cir. 1988)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

10

MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

("The court did not err in dismissing [Plaintiff's] claims because [Plaintiff] agreed to submit such claims to arbitration."). *See also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Johnston v. Beazer Homes Tex., L.P.*, 2007 U.S. Dist. LEXIS 20519, at *11 (N.D. Cal. Mar. 2, 2007) (dismissing claims in favor of arbitration).

Alternatively, when arbitration is compelled, the FAA provides that a Court must stay judicial proceedings, pending the outcome of the arbitration itself:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . . 9 U.S.C. § 3.

In light of Plaintiffs' obligation to arbitrate their individual claims, this action should be dismissed. In the alternative, Plaintiffs' individual claims should be stayed pending the completion of arbitration.

## V.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion for Order (1) Compelling Arbitration of Plaintiffs' Individual Claims; (2) Dismissing Class Claims; and (3) Dismissing Plaintiffs' Individual Claims or, in the Alternative, Staying Proceedings as to Plaintiffs' Individual Claims.

Dated: November 6, 2013

LOEB & LOEB LLP
IVY KAGAN BIERMAN
RAMON RAMIREZ

By: /s/ Ramon Ramirez
Ivy Kagan Bierman
Ramon Ramirez
Attorneys for Defendants
CF ENTERTAINMENT, et al.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2329476.1
013565-10029

11

MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS