JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE PAULEY, an individual; THOMAS CLARK, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual; SCREEN ACTORS GUILD – AMERICAN FEDERATION OF RADIO AND TELEVISION ARTISTS, a California corporation; and DOES 2 through 100 inclusive,<br><br>Defendants. | CASE NO. CV 13-8011-R<br><br>ORDER DISMISSING COMPLAINT DUE TO LACK OF SUBJECT MATTER JURISDICTION |

Before the Court is a motion filed by CF Entertainment, Comics Unleashed Productions, Inc., Entertainment Studios, Inc., and Byron Allen Folks (collectively "CF Entertainment") to (1) compel arbitration of all of Plaintiffs' individual claims; (2) dismiss class claims; and (3) dismiss, or in the alternative stay pending the completion of arbitration, Plaintiffs' individual claims. Also before the Court is a motion to dismiss the Complaint filed by the Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA").

Plaintiffs filed oppositions to the respective motions, and SAG-AFTRA and CF Entertainment filed replies as well as statements regarding their positions with respect to each other's motions. The motions being fully briefed, and the Court determining that a hearing was not necessary, these matters were taken under submission on December 12, 2013.

The Complaint, styled as a putative class action, alleges nine causes of action arising from Plaintiffs' work on the television show "Comedy.TV." Compl. ¶ 1. The Complaint recognizes that Plaintiffs' employment was "pursuant to a standardized union engagement contract . . . ." *Id.*

Comedy.TV was produced under the SAG-AFTRA "National Code of Fair Practice for Network Television Broadcasting" ("Network Television Code"). Ilovitch Decl. ¶ 6; Ex. B. The Network Television Code contains, among other things, terms governing the compensation of performers. It also contains a "Grievance and Arbitration" section, which provides that

> All disputes and controversies of every kind and nature whatsoever between any Producer and AFTRA or between any Producer and any member of AFTRA, arising out of or in connection with this Code, and any contract or engagement . . . in the field covered by this Code . . . shall be submitted for resolution in accordance with the following grievance and arbitration procedures.

Ilovitch Decl., Ex. B., p. 98.

An employee must exhaust the grievance procedures of a collective bargaining agreement before the employee pursues remedies against her employer or her union in court. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563 (1976) ("[U]nless [the employee] attempted to utilize the contractual procedures for settling his dispute with his employer, his independent suit against the employer in the District Court would be dismissed."); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 ("[U]nless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf."). Whether Plaintiff in the instant case has exhausted these procedures is a factual issue, therefore the Court may review evidence beyond the Complaint to determine whether it has jurisdiction to hear this case. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The evidence shows that the arbitration process is still proceeding, therefore Plaintiffs have not yet exhausted their remedies under the collective bargaining agreement and this Court does not have subject matter jurisdiction to adjudicate the

2

Complaint. Gregoire Decl. ¶ 6; *Maddox*, 379 U.S. at 652–53.

Plaintiffs contend that exhaustion is not required where a union breaches its duty of fair representation. The arbitration process regarding Plaintiffs' claims against CF Entertainment is still pending, and until arbitration is concluded it is not possible to determine whether SAG-AFTRA breached its duty to Plaintiffs. Plaintiffs argue that SAG-AFTRA did not initiate the grievance procedure in a timely fashion; however the timeliness question is one for the arbitrator. *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002). Therefore at this point it is not possible for this Court to determine whether SAG-AFTRA breached its duty of fair representation, and the exception to the exhaustion requirement for situations where a union breached its duty of fair representation is not applicable here.

The claim under California Business and Professions Code § 17200 is dismissed because it is pre-empted by Labor Management Relations Act ("LMRA") § 301. The Complaint's allegations against SAG-AFTRA are based on the union's alleged failure to adequately pursue Plaintiffs' grievance pursuant to the collective bargaining agreement ("CBA"). *See, e.g.*, Compl. ¶ 30 ("Plaintiffs were forced to initiate the current litigation in order to receive their lawfully entitled compensation, and mitigate any prejudice that may have resulted by [SAG-AFTRA's] failure to file a grievance within the time period prescribed in the applicable collective bargaining agreement."). The § 17200 claim is pre-empted because a determination of whether SAG-AFTRA did in fact fail to pursue Plaintiffs' grievance in accordance with the CBA will necessarily involve an interpretation of the terms of the CBA. *Adkins v. Mireles*, 526 F.3d 531, 536–537 (9th Cir. 2008) (determining that fraud and deceit claim was preempted by LMRA § 301 "because the claim cannot be maintained without the court interpreting the provisions of the CBA.").

Plaintiffs also argue that exhaustion is not required because pursuing relief through arbitration would be futile. Plaintiffs base this argument on an alleged delay by SAG-AFTRA in pursuing their grievance. First, as noted above, the arbitrator will ultimately decide whether the claim is time-barred. Second, this case is distinguishable from the cases Plaintiffs cite relating to futility. For example, in *Glover v. St. Louis-San Francisco Railway Co.*, 393 U.S. 324, 331 (1969), the Court found that the union members' attempts to pursue a grievance would be futile because

union officials and management were acting in concert to set up schemes and contrivances to bar the workers from promotion. There are no allegations or evidence of collusion in this case.

Finally, Plaintiffs argue that certain of the claims in the Complaint are not within the scope of the CBA's arbitration provision. Unless the parties clearly and unmistakably specify otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986). Here, the arbitration agreement states that disputes over the "construction, meaning, [and] interpretation" of the arbitration agreement are to be submitted to the arbitrator. Ilovitch Decl., Ex. B, p. 98. Therefore the agreement clearly and unmistakably provides that the arbitrator is to decide the scope of the arbitration agreement.

The Complaint is based on grievances that are subject to arbitration under the CBA. And, although Plaintiffs argue that some of their grievances fall outside the scope of the arbitration agreement, their argument on the subject of scope is for the arbitrator, and not this Court, to address.

Until Plaintiffs exhaust their remedies within the arbitration process, this Court does not have subject matter jurisdiction to adjudicate the Complaint.

**IT IS HEREBY ORDERED** that the Complaint is dismissed.

Dated: December 23, 2013.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE